IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRYSTAL NICOLE THOMAS, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | No. 23-cv-304 |
| | : | |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner of Social | : | |
| Security. | : | |

**MEMORANDUM OPINION**

**CRAIG M. STRAW, U.S.M.J.**                                                                 **October 31, 2023**

Crystal Nicole Thomas seeks review of the Commissioner's decision denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits. The matter was assigned to me by consent of the parties.[1]  Doc. 13.  For the following reasons, I grant Thomas's request for review, vacate the Commissioner's decision, and remand the case for further proceedings consistent with this opinion.

**I.     PROCEDURAL HISTORY**

Thomas was forty-seven years old on her alleged onset disability date, making her a "younger individual" under the regulations. R. 39; 20 C.F.R. §§ 404.1563, 416.963.  Thomas has some high school education.  R. 39; 53; 20 C.F.R. §§ 404.1564, 416.964.  In the past, Thomas worked as a cashier/checker, cleaner/housekeeper, kitchen helper, cafeteria attendant, and a home attendant.  R. 39; 53-54; 56-60; 71-72.

Thomas separately applied for DIB and SSI on January 26, 2021, alleging disability since December 19, 2020.  R. 31; 49; 51; 321.  Her applications were denied on May 6, 2021, and

---

[1] I was reassigned the case from the Honorable David R. Strawbridge on July 27, 2023.  Doc 11.

1

again upon reconsideration on July 27, 2021.  R. 31; 97; 137-38; 156-57.  Thomas filed a request for a hearing.  R. 31; 218.  The ALJ held a hearing telephonically on December 17, 2021 due to the extraordinary circumstances presented by the Covid-19 Pandemic.  R. 31; 48.  Counsel represented Thomas at the hearing.  Id.

On January 28, 2022, the ALJ issued a written decision finding Thomas was not disabled and denied benefits.  R. 41.  On March 23, 2022, Thomas requested review of the ALJ's decision.  R. 311-13.  The Appeals Council denied Thomas's request, and the ALJ's decision became the final decision of the Commissioner of Social Security.  R. 14-15.  Thomas then filed this action in federal court.  Doc. 1.

## II.     LEGAL STANDARDS

To prove disability, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1).  The Commissioner engages in a "five-step sequential evaluation process" to evaluate whether a claimant is disabled, which includes:

1. Whether the claimant is currently engaged in substantial gainful activity;

2. If not, whether the claimant has a "severe impairment" that significantly limits their physical or mental ability to perform basic work activities;

3. If so, whether based on the medical evidence, the impairment meets or equals the criteria of an impairment listed in the listing of impairments ("Listings," see 20 C.F.R. pt. 404, subpt. P, app. 1), which results in a presumption of disability;

4. If the impairment does not meet or equal the criteria for a listed impairment, whether, despite the severe impairment,

>   the claimant has the residual functional capacity ("RFC") to perform their past work; and
>
> 5.  If the claimant cannot perform their past work, whether there is other work in the national economy that the claimant can perform.

See Zirnsak v. Colvin, 777 F.3d 607, 611 (3d Cir. 2014); see also 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, while the burden shifts to the Commissioner at the fifth step to establish that the claimant can perform other jobs in the local and national economies, in light of his or her age, education, work experience, and RFC. See Poulos v. Comm'r of Soc. Sec., 474 F.3d 88, 92 (3d Cir. 2007) (citation omitted).

The court's role on review is to determine whether the Commissioner's decision is supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation omitted). It is "more than a mere scintilla" of evidence but may amount to less than an evidentiary preponderance. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (citing Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999)).

### III.     ALJ'S DECISION AND PLAINTIFF'S REQUEST FOR REVIEW

The ALJ determined Thomas had not engaged in substantial gainful employment since December 19, 2020, the alleged onset date of disability. R. 34. The ALJ found that Thomas suffered from the severe impairments of osteoarthritis of the left hip, and torn meniscus of the left knee. R. 34; see also 20 C.F.R. §§ 404.1520(c), 416.920(c). The ALJ determined these impairments or combination of impairments did not meet or medically equal the severity of one

of the listed impairments.  R. 35; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 404.926.  Considering the full record, the ALJ found that Thomas had the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except Thomas required a cane for ambulation but could carry small objects in her free hand.  R. 35.

Relying on the testimony of vocational expert ("VE") Katherine Young, the ALJ determined that Thomas was unable to perform any past relevant work.  R. 39; 70-73; see also 20 C.F.R. §§ 404.1565, 416.965.  Considering Thomas's age, education, work experience, RFC, and the VE's testimony, the ALJ determined a significant number of jobs existed in the national economy Thomas could perform, including order clerk, assembler, and jewelry preparer.  R. 39-40.  Thus, the ALJ determined Thomas was not disabled.  Id.

In her request for review, Thomas argues only that the RFC is not supported by substantial evidence.  Doc. 8, at 2-7.  The Commissioner counters that the ALJ reasonably found Thomas did not prove she was disabled, and substantial evidence supports the RFC.  Doc. 9, at 5-14.

### IV.   FACTUAL BACKGROUND

#### A. Medical Opinions

Kristine Pamela Garcia, M.D., Thomas's primary physician, examined Thomas on February 9, 2021.  R. 448.  Dr. Garcia noted that Thomas received an injection for left knee pain on January 15, 2020.  R. 449.  When Thomas returned to work, she experienced pain throughout the day due to being on her feet for eight hours a day.  Id.  Dr. Garcia also noted that Thomas's knee started to gradually hurt, but there was no swelling, rashes, clicking or popping, or trauma.  Id.  Upon examining Thomas's left hip, Dr. Garcia found Thomas's range of motion was normal, her muscle strength ranged from 4/5 to 5/5, and her left hip clicked with motion.  R. 36; 451.

Examination of Thomas's left knee revealed full range of motion without pain and no tenderness to palpation over the joint.  Id.  Dr. Garcia prescribed Thomas Ibuprofen—600 mg tablets to be taken every eight hours, as needed—and medication for her asthma and acne.  R. 451-52.  Dr. Garcia also referred Thomas to physical therapy (PT) and orthopedics.  R. 453.

On February 25, 2021, Thomas returned to Dr. Garcia for a routine visit.  R. 519-20.  Dr. Garcia noted Thomas walked with an antalgic, cautious gait.  R. 520.  Thomas reported that she had started PT, but because she was still working, work negated any benefit she received from PT.  R. 521.  Dr. Garcia examined Thomas's left knee again and found no evidence of past injuries or surgeries, no skin lesions or effusion, normal alignment, and no tenderness to palpation over joint.  R. 520.  The next day, Thomas underwent an X-ray of her left knee and hip.  R. 522-23.  The X-ray of the left hip revealed mild osteoarthritis of her left hip with marginal osteophytes and subchondral sclerosis.  R. 524-25.  The X-ray of the left knee showed normal results.  R. 528.

Gwo Chin Lee, M.D., an orthopedic surgeon, examined Thomas on March 3, 2021 to evaluate her left hip pain.  R. 583.  Dr. Lee noted Thomas had mild-to-moderate osteoarthritis with cam impingement and walked with no gait aids.  Id.  Thomas reported that she was not experiencing any mechanical symptoms, but her other symptoms came and went and were worse when she worked.  Id.  Thomas's spinal exam was unremarkable, sensations were intact, and hip motion showed no significant joint irritation.  Id.  Dr. Lee noted Thomas appeared to be able to manage her condition with conservative, non-operative treatment.  Id.

On March 29, 2021, Dr. Garcia[2] completed a "Medical Opinion re: Ability to do Work-Related Activities (Physical) ("MSS")." R. 503-04; 580. Dr. Garcia opined that Thomas could lift and carry less than ten pounds occasionally or frequently. R. 503. She further opined at the maximum Thomas could stand or sit for less than two hours a day, would have to change sitting positions every twenty minutes, and must walk around frequently for five minutes. Id. Regarding postural activities, Dr. Garcia found Thomas could occasionally twist, but could never stoop, crouch, or climb stairs or ladders. R. 504. As for physical functions, Dr. Garcia opined that Thomas's reaching, fingering, and feeling were not affected by her impairments, but that pushing, pulling, and handling were affected by her impairments. Id. Dr. Garcia also opined Thomas should avoid all exposure to environmental elements and would be absent from work, on average, more than four days per month. Id. Dr. Garcia based her opinion regarding Thomas's limitations on her physical exam of Thomas as well as the X-ray, MRI, and the orthopedic surgeon evaluation. Id. at 503-04.

The Bureau of Disability Determination referred Thomas to Anne Greenberg, M.D., for an internal medicine examination on April 29, 2021. R. 37; 548-49. Dr. Greenberg noted Thomas appeared to be in no acute distress, and her gait was antalgic secondary to lower back pain and left lower extremity pain. R. 551. Thomas was "[u]nable to walk on heels and toes secondary to left leg pain." Id. Thomas was able to get on and off the exam table without assistance and was able to rise from the chair without difficulty. Id. Dr. Greenberg diagnosed Thomas with asthma, lower back pain, left hip pain, left knee pain, and clinical evidence of foot

---

[2] The ALJ incorrectly stated in his decision that "Dr. K. Smith" completed the medical opinion. R. 538. No doctor with the name Dr. K. Smith ever evaluated Thomas, nor does the record contain any medical evidence from a Dr. K. Smith. Instead, Dr. Garcia completed the medical opinion. R. 503; 579-80.; Doc. 8, at 3 n.1.

6

drop on the left. R. 552-53. Dr. Greenberg completed a MSS based on her examination. R. 554-59. Her MSS stated that Thomas did not need a cane for ambulation. R. 555. In the MSS, Dr. Greenberg opined Thomas could frequently lift up to ten pounds and occasionally up to twenty pounds; occasionally carry up to ten pounds; sit, stand, and/or walk for four hours in an eight-hour workday but only in short durations of each. R. 554-55. Thomas could also continuously reach, handle, finger, feel, push or pull; occasionally use her left foot and frequently use her right foot for foot controls; frequently balance; occasionally climb ramps and stairs and stoop, but never climb ladders, scaffolds; and never kneel, crouch or crawl. R. 556-57. As for environmental limitations, Thomas could have frequent exposure to unprotected heights, moving mechanical parts, operation of a motor vehicle and vibrations, but only occasional exposure to humidity and wetness, pulmonary irritants, and extreme cold and heat. R. 558.

At the initial level, state consultant Hong Sik Park, M.D., reviewed Thomas's record. R. 99; 113. Dr. Park opined Thomas could occasionally lift/carry twenty pounds; frequently lift/carry ten pounds; stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday; and sit (with normal breaks) for a total of six hours in an eight-hour workday. R. 109. Regarding postural limitations, Dr. Park opined Thomas could never climb ladders, ropes, scaffolds, but could occasionally perform all other postural activities. R. 110. Dr. Park further stated Thomas should avoid concentrated exposure to extreme cold, vibration, pulmonary irritants, and hazards. R. 111. At the reconsideration level, state consultant Joanna Marie Deleo, D.O., agreed with Dr. Park's opinion of Thomas's postural limitations. R. 130-38.

### B. Non-Medical Evidence

At the hearing, Thomas testified that she had surgery on her right knee in 2016. R. 61. She explained that she experiences pain from her upper back to her left hip on a regular basis.

7

Id.  Thomas described the pain in her left hip felt "like a tooth ache," which she experienced daily.  R. 62.  Thomas added that she goes to PT at Penn Physical Therapy for her spine every other week.  R. 62.  Thomas testified she uses her cane every day because of her hip and knee to help "alleviate some of the pressure" on her left side.  R. 64.  She takes Ibubrofen and uses an ointment cream for her hip and back pain on a regular basis.  R. 63-64.  Thomas does not otherwise treat her condition, even though her doctor has recommended injections.  R. 64.  Thomas said she can sit or stand for about thirty minutes before she feels pain and needs a break.  R. 65.  Thomas says she can carry about fifteen pounds or less.  Id.

On a typical day at home, Thomas spends about four hours a day working on her General Education Development ("GED")—taking breaks every thirty minutes to stretch— and crochets and reads.  R. 66-68.  Thomas lives with her twenty-four-year-old daughter and twenty-two-year-old son, both of whom do most of the everyday cooking and cleaning.  R. 66-67.  Thomas does light cooking and dusting.  R. 67.  She had a driver's license but has been unable to drive since 2016 due to her previous right knee problems that required surgery.  R. 53.

V.     DISCUSSION

A.  The ALJ's decision is not supported by substantial evidence.

Thomas argues the ALJ erred in evaluating Dr. Garcia's opinion, which resulted in a flawed RFC.  Doc. 8, at 3-4.  Specifically, Thomas asserts the ALJ misread Dr. Garcia's opinion and found it unpersuasive based on the erroneous finding that Thomas "could never reach, finger or feel."  Doc. 8, at 4.  The Commissioner counters that the ALJ properly found that Thomas was not disabled, and substantial evidence supports the ALJ's RFC.  Doc. 9, at 5-14.  Thomas's claim has merit.

An ALJ must evaluate all record evidence when making a disability determination. Plummer, 186 F.3d at 433. The ALJ's decision must include a "clear and satisfactory explication of the basis on which it rests" sufficient to enable a reviewing court "to perform its statutory function of judicial review." Cotter v. Harris, 642 F.2d 700, 704-05 (3d Cir. 1981). Without this explanation, "the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." Id. at 705.

In the instant matter, the ALJ found that Thomas had the RFC to perform sedentary work, except that she "requires a cane for ambulation but could carry small objects in her free hand." R. 35. When discussing the RFC, the ALJ found that Dr. Garcia's opinion was not persuasive:

> On March 29, 2021, Dr K. Smith completed a Medical Opinion RE: the claimant's ability to do work related activities. Dr. Smith opined that the claimant could lift and/or carry less than ten pounds occasionally or frequently. He opined that the claimant could stand and/or sit for less than two hours in an eight-hour workday. It was opined that the claimant must periodically alternate sitting, standing, or walking to relieve discomfort and that she could only sit or stand for twenty minutes before having to change positions. It was not indicated that the claimant would have to lie down during the day. Her diagnoses were osteoarthritis of the hips on X-ray. Regarding postural activities, it was opined that the claimant could occasionally twist but never stoop, crouch, climb stairs or ladders. **She could never reach, finger or feel but could push, pull and handle**. Her limitations were based on exertion or pressure of joints. It was opined that the claimant must avoid all exposure to environmental elements and that she would be absent from work more than four days per month. This opinion is not persuasive as there is nothing in the record to support a restriction on the claimant's hands. This is not even consistent with the claimant's testimony or allegations.

R. 38 (emphasis added) (citations omitted).

As a preliminary matter, the ALJ incorrectly attributed Dr. Garcia's MMS to a "Dr. K. Smith." R. 38; see also R. 503-04; 579-80. No doctor named Dr. K Smith has ever evaluated Thomas, nor are any MSSs or other medical opinions in the record from a doctor of that name.

9

Next and more importantly, the ALJ incorrectly stated the medical opinion of Dr. Garcia. R. 38; 504.  When referring to Dr. Garcia's opinion in his decision, the ALJ represented that Dr. Garcia found Thomas could never reach, finger, or feel.  R. 38.  Dr. Garcia, however, concluded the opposite—that Thomas's physical functions, including reaching, fingering, and feeling <u>were not</u> affected by her physical impairments.  R. 504 (emphasis added).  Instead, according to Dr. Garcia, the actions affected by Thomas's physical impairments were pushing, pulling, and handling.  <u>Id.</u>  Hence, the ALJ mischaracterized the medical evidence.  The ALJ then erroneously concluded that Dr. Garcia placed a restriction on Thomas's hand function and proceeded to discount the opinion because the medical evidence in the record did not support the restriction.  R. 38.

The ALJ's mischaracterization of Dr. Garcia's "restriction on claimant's hands" resulted in the improper discounting of her medical opinion and a potentially flawed RFC.  R. 38.  As an ALJ's decision is not supported by substantial evidence when it relies on a mischaracterization of the evidence, the ALJ's decision in this case cannot be upheld.  <u>See</u> <u>Sutherland v. Comm'r Soc. Sec.</u>, 785 F. App'x 921, 928 (3d Cir. 2019) ("[T]he ALJ still may choose whom to credit but 'cannot reject evidence for no reason or the wrong reason.'") (quoting <u>Morales v. Apfel</u>, 225 F.3d 310, 317 (3d Cir. 2000)); <u>cf.</u> <u>DeJesus v. Kijakazi,</u> No. 20-cv-06115-RAL, 2022 U.S. Dist. LEXIS 65359, at *28 (E.D. Pa. Apr. 8, 2022) (remanding case when ALJ dismissed treating physician's opinion "through conclusory statements, mischaracterizations of record evidence, lay opinions, and failure to resolve contradictory evidence" and therefore ALJ's conclusion did not survive scrutiny even under the less restrictive 2017 regulations); <u>Murphy v. Comm'r of Soc. Sec.</u>, No. 1:19-cv-20122, 2020 U.S. Dist. LEXIS 224069, at *6 (D.N.J. Nov. 30, 2020) (stating "[t]he ALJ's reliance on this misconception, along with other unsupported mischaracterizations

10

of Plaintiff's physical abilities . . . permeates the ALJ's decision . . . [and] these errors cannot be separated from the ALJ's analysis of other record evidence such that the Court may determine whether substantial evidence supports the ALJ's RFC analysis.").  For these reasons, this Court concludes that remand of this matter for further consideration is appropriate.[3]

## VI.  CONCLUSION

After careful and thorough review of all the evidence in the record, and for the reasons set forth above, this Court finds that the ALJ's findings are not supported by substantial evidence.  Accordingly, Thomas's request for review is granted.  The final decision denying Thomas benefits is **VACATED** and the case is **REMANDED** for further consideration consistent with this opinion.

An appropriate order follows.

BY THE COURT:

/s/ Craig M. Straw
CRAIG M. STRAW
U.S. Magistrate Judge

---

[3] Thomas asserts other errors in the ALJ's decision.  Because the Court concludes that the matter must be remanded for the reasons discussed in the opinion, the Court does not consider Thomas's other claims at this time.